UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HORACE CRUMP,

       Plaintiff,                           Case No. 12 – 13133

v.                                   Honorable Paul D. Borman
                                   Magistrate Judge Laurie J. Michelson

TIMOTHY MOREY, et al.,

       Defendants,

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS [16, 18, 20] AND ORDER TO DENY MOTIONS TO STRIKE [26, 27]

On July 17, 2012, Plaintiff Horace W. Crump ("Plaintiff"), a Michigan Department of Corrections prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. (Dkt. 1, Compl.) This is the tenth civil rights action Plaintiff has brought in this Court and the Western District of Michigan since 2009. (*Id*. at Pg ID 4-5.) On September 7, 2012, Plaintiff's Application to Proceed Without Prepayment of Fees was granted. (Dkt. 8.) All pretrial proceedings have been referred to this Court. (Dkt. 7.) Presently before the Court are the Motions of Defendants Timothy Morey, Richard Cady, Rennia Funches, Beverly Haynes-Love, Joel Salinas, Joseph Barrett, Alexander Holmes, Debra Scutt, Richard Russell, Daniel Heyns, Dr. Jeffrey Stieve, Kelly Holden, and Jenny Engstrom ("Defendants") to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss the Complaint under 28 U.S.C. § 1915(g) because Plaintiff has filed more than three lawsuits that were previously dismissed as frivolous and/or for failure to state a claim upon which relief could be granted. (Dkts. 16, 18, 20.) Having reviewed Plaintiff's prior lawsuits and the record in this matter, the Court concludes that Plaintiff falls within the "three-strike" restrictions established by 28 U.S.C.

§ 1915(g) and may not proceed without prepayment of the filing fee for this action.

Therefore, this Court RECOMMENDS that Defendants' Motions be GRANTED such that

Plaintiff's leave to proceed without prepayment of fees and costs be revoked and the Complaint be

dismissed if Plaintiff fails to pay the filing fee within fourteen (14) days of any District Court Order

adopting this Recommendation.  Additionally, because there is nothing improper about Defendants'

Motions, Plaintiff had the opportunity to respond, and they are being decided in accordance with the

relevant Federal and Local Rules, Plaintiff's Motions to Strike are DENIED.

## I.  BACKGROUND

Plaintiff is currently incarcerated at the G. Robert Cotton Correctional Facility ("JCF") in

Jackson, Michigan as a result of a 1996 conviction for first-degree murder.  (Dkt. 1, Compl.)  He

has been housed at numerous MDOC facilities and has filed civil rights lawsuits against personnel

from many of them.  Plaintiff's present Complaint, with attachments, totals 210 pages and names

fifteen (15) defendants.  (*Id*.)  Plaintiff alleges that a number of these defendants have retaliated

against him because of his substantial litigation history, religion, and biracial daughter; others denied

him access to the courts in a state mandamus action; and others were deliberately indifferent to his

medical needs by denying pain medication for his multiple sclerosis and optic neuritis.  (*Id*. at Pg

ID 41-42.)

Plaintiff filed an Application to Proceed Without Prepayment of Fees (Dkt. 2) which was

granted on September 7, 2012.  (Dkt. 8.)  Subsequently, many of the served Defendants filed

Motions to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss based on the fact that

Plaintiff has had at least three (3) prior federal court lawsuits dismissed as frivolous, malicious

and/or for failure to state a claim upon which relief can be granted.  (Dkts. 16, 18, 20.)  Plaintiff does

not dispute that the dismissals of two of his cases from the Western District of Michigan count as

strikes, but contends that the third dismissal relied on by Defendants does not count as a strike

because the case was dismissed on summary judgment.  (Dkt. 25, Resp.)

## II.  ANALYSIS

### A.  "Three Strikes" Law

Under the Prison Litigation Reform Act ("PLRA"), a prisoner is not entitled to proceed

without prepayment of the filing fee if, on three or more prior occasions, the prisoner's case was

dismissed as malicious or frivolous, or for failing to state a claim upon which relief may be granted.

*See* 28 U.S.C. § 1915(g).  More specifically,

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the

moment of filing, [a] district court ha[s] no authority to consider the merits of the complaint."

*Mitchell v. Tennessee*, 86 F. App'x 898, 899 (6th Cir. 2004).

### B.  Plaintiff Has Three Prior Litigation Strikes

Attached to Defendants' Motion to Revoke are two (2) judgments from the U.S. District

Court for the Western District of Michigan that clearly demonstrate the dismissal of the actions

count as "strikes" for purposes of 28 U.S.C. 1915(g).  (Mot. to Revoke at Exs. 1-2.)  In *Crump v.*

*Janz*, Case No. 1:10-cv-583 (W.D. Mich. July 19, 2010), the court ordered that "Plaintiff's action

be dismissed with prejudice for failure to state a claim and as frivolous, pursuant to 28 U.S.C. §§

1915(e) and 1915A, and 42 U.S.C. § 1997e(c)."  (*Id*. at Ex. 1.).  Similarly, in *Crump v. Patrick, et al.,* Case No. 1:11-cv-15 (W.D. Mich. Feb. 18, 2011), the court ordered that "Plaintiff's action be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c)."  (*Id*. at Ex. 2.)  Plaintiff does not dispute these "strikes."

The Court focuses its attention on *Crump v. Winn*, No. 2:11-cv-10409 (E.D. Mich. filed Feb. 1, 2011), where District Judge George Caram Steeh adopted the reports and recommendations of Magistrate Judge R. Steven Whalen, granted Defendants' summary judgment motions, and dismissed the case in its entirety.  *Winn*, No. 2:11-cv-10409 (E.D. Mich. Mar. 27, 2011) (Orders Accepting Mar. 15, 2012 Reports and Recommendations (Dkts. 31, 32) and Judgment in Favor of Defendants (Dkt. 33)).  Because the dispositive motions at issue in *Winn* were styled "summary judgment," Plaintiff claims the dismissal of the case cannot be a strike.  This Court agrees with the proposition that dismissal on summary judgment typically does not count as a "strike."  *See, e.g., Pointer v. Wilkinson*, 502 F.3d 369, 376 (6th Cir. 2007).  But the critical issue is whether, despite the title of the motion, the case was dismissed as frivolous, malicious, or for failure to state a claim.

In *Winn*, Crump sued the Deputy Warden and Assistant Deputy Warden at the Saginaw Correctional Facility complaining of various acts of retaliation and an inability to mail materials to his appellate counsel.  Without any discovery being conducted, both of the defendants filed motions for summary judgment.  *Id*. (Winn's Mot. for Summ. J. (Dkt. 11)); *id.* (Chaplin's Mot. for Summ. J. (Dkt. 20)).  The motions were styled summary judgment because the defendants' primary argument was that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1997e(a).  The defendants also argued, however, that Plaintiff failed to allege any constitutional violation against them and that they were entitled to

4

qualified immunity as a matter of law. *Id.* Thus, in both of the Reports and Recommendations ruling on defendants' motions, Judge Whalen included the standards of review for Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56.

After raising the issue of exhaustion, however, Judge Whalen specifically explained:

> it does not matter whether Plaintiff did or did not properly exhaust any of his claims, because they are subject to dismissal on the merits. In this regard, 42 U.S.C. § 1997(e)(c)(2) states:
>
>> "In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

*Winn*, No. 2:11-cv-10409 (E.D. Mich. Mar. 5, 2012) (Report and Recommendation to Grant Winn's Mot. Summ. J. (Dkt. 28) at 6); *id.* (Report and Recommendation to Grant Chapin's Mot. Summ. J. (Dkt. 29) at 5). Magistrate Judge Whalen then advised, "I will therefore proceed to an analysis of the merits" (*id.*) – thereby making plain that he was proceeding under the recited "frivolous, malicious, fails to state a claim" standard. In analyzing the merits, Magistrate Judge Whalen found – as to all claims alleged against defendant Chapin and virtually all of the claims alleged against Winn – that Plaintiff's claims "fail[ed] to meet the *Iqbal* pleading standard" – i.e., failed to state a claim upon which relief could be granted. *Id.* (Report and Recommendation to Grant Winn's Mot. Summ. J. (Dkt. 28) at 9, 12); *id.* (Report and Recommendation to Grant Chapin's Mot. Summ. J. (Dkt. 29) at 5). For this reason he recommended dismissal of the claims, and these recommendations were adopted by District Judge Steeh. Accordingly, the Court believes that *Crump v. Winn*, No. 2:11-cv-10409 (E.D. Mich. filed Feb. 1, 2011) was dismissed under the "frivolous, malicious, fails to state a claim" standard and, therefore, constitutes a litigation strike.

Admittedly, the analysis of one of the claims in *Winn* gives the Court some pause. Specifically, Plaintiff alleged that he was detained in administrative segregation with loss of privileges, based on a retaliatory misconduct complaint that had been dismissed at the hearing, and that when he complained, Winn refused to remedy the situation. *Winn*, No. 2:11-cv-10409 (Dkt. 1. Compl. at ¶¶1, 4-5). Plaintiff supplied the Court with a copy of the related major misconduct hearing report when he filed a "Motion for Judgment on the Pleadings and/or Summary Judgment." *Id.* (Dkt. 16, Ex. A). Magistrate Judge Whalen relied, in part, on this misconduct report in finding that Plaintiff did not have a retaliation claim against defendant Winn because (1) administrative segregation was properly ordered by an "Officer Szappan" (and Winn did not have personal involvement in that sanction), and, relatedly, (2) Plaintiff could not demonstrate that his grievance prompted retaliation in light of Szappan's finding that Plaintiff was guilty of misconduct. *Id.* (Report and Recommendation to Grant Winn's Mot. Summ. J. (Dkt. 28) at 6-7). The Court believes that Magistrate Judge Whalen's consideration of the hearing report did not convert what he explicitly stated was a frivolous-malicious-or-failure-to-state-a-claim analysis into a genuine-issue-of-material-fact analysis. The information in this hearing report formed the basis of many of the allegations in Crump's complaint against Winn and therefore was properly considered as part of failure-to-state-a-claim analysis. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that among the sources that courts "ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss" are "documents incorporated into the complaint by reference"); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) ("This circuit has further held that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." (internal quotation marks and citation

omitted)).

In objecting to the report and recommendation, Plaintiff relied on computer screen shots which he had attached to his complaint.  The screen shots pertained to the allegedly retaliatory misconduct charge, the findings, the sanction imposed, and the resulting administrative segregation – i.e., the information contained in the misconduct hearing report.  Judge Steeh referenced these screen shots in his "Order Accepting [the] Report and Recommendation" and then stated, "Plaintiff has failed to create a genuine issue of fact or to show any involvement by defendant Winn in changing the sanction imposed by Hearing Officer Szappan." *Winn*, No. 2:11-cv-10409 (E.D. Mich. Mar. 27, 2011) (Order Accepting Mar. 15, 2012 Report and Recommendation (Dkt. 31) at 2).  Again, these screen shots were attached to the Complaint and the Court believes that they were clearly part of Plaintiff's retaliation claim.  Further, Judge Steeh agreed with Magistrate Judge Whalen's conclusion that Plaintiff had failed to show personal involvement on the part of Winn.

In sum, pursuant to § 1997(e)(c)(2) of the PLRA, Magistrate Judge Whalen avoided defendants' failure to exhaust arguments in *Winn* and instead analyzed whether Plaintiff's claims were "frivolous, malicious, or failed to state a claim upon which relief could be granted."  His analysis resulted in reports and recommendations to grant the defendants' initial dispositive motions; these reports were ultimately adopted by Judge Steeh.  The PLRA provides that a previously filed case counts as a strike if it "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  Thus, as asserted by Defendants in this case, "[a]lthough the Order accepting the Report and Recommendation refers to summary judgment, the basis for dismissal set forth in the Report and Recommendation was failure to state a claim. . . . [T]he dismissal counts as a strike."  (Mot. to Revoke at 2, n.1.); *see also Harvey*

*v. Pickell,* No. 11-11979, 2012 U.S. Dist. LEXIS 107482, at \*5-6, n.2 (June 14, 2012), *adopted by* 2012 U.S. Dist. LEXIS 107490 (E.D. Mich. Aug. 1, 2012) (finding prior case to be a strike where a review of an adopted  report and recommendation made clear that, even though the dispositive motions were styled motions to dismiss/for summary judgment, the dismissal was for failure to state a claim).

Accordingly, based on this record, this Court concludes that Plaintiff has three litigation strikes under 28 U.S.C. § 1915(g): *Crump v. Janz*, No. 1:10-cv-583 (W.D. Mich. July 19, 2010); *Crump v. Patrick, et al.,* No. 1:11-cv-15 (W.D. Mich. Feb. 18, 2011); and *Crump v. Winn*, Case No. 2:11-cv-10409 (E.D. Mich. Mar. 27, 2011).

Further, while Plaintiff alleges that he is constantly retaliated against because of his grievances, kites, and family issues, there is nothing in his Complaint or Response to the pending Motions that suggests any imminent danger of serious injury.

### C.      There Is No Basis For Plaintiff's Motions To Strike

In addition to responding to Defendants' Motions to Revoke Plaintiff's In Forma Pauperis Standard, Plaintiff has filed separate Motions to have them stricken pursuant to Fed. R. Civ. P. 12(f). (Dkts. 26, 27.)  This Rule provides that on motion of a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*.  A motion, however, is not a pleading. *See* Fed. R. Civ. P.  7(a).  Nor is there any "scandalous matter" in the Defendants' Motions.  Plaintiff's disagreement with their argument was properly addressed in his Response.  There is no basis for a Motion to Strike.

### III.   CONCLUSION

Because Plaintiff has filed at least three prior lawsuits that were dismissed as frivolous,

malicious, or for failure to state a claim, and he cannot show that he is in imminent danger of serious physical injury, this Court RECOMMENDS that Defendants' Motions to Revoke Plaintiff's *In Forma Pauperis* Status be GRANTED.  The Court further RECOMMENDS that, if this Report and Recommendation is adopted, Plaintiff be given fourteen (14) days from the date of the District Court's Order to tender the entire filing fee to the Clerk of the Court and if he fails to do so, the Complaint be dismissed.   Additionally, if the Complaint is ultimately dismissed, the Court RECOMMENDS that Plaintiff's pending Motion for Preliminary Injunction (Dkt. 12) and Motion to Amend the Complaint (Dkt. 14) be DISMISSED.  Finally, Plaintiff's Motions to Strike (Dkts. 26, 27) are DENIED.

## IV.  FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation and Order within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief

9

may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  October 31, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 31, 2012.


s/Jane Johnson
Deputy Clerk