UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

HORACE CRUMP,

    Plaintiff,

v.

TIMOTHY MOREY, et al.,

    Defendants.

_____/

Case No. 12 – 13133

Honorable Paul D. Borman
Magistrate Judge Laurie J. Michelson

**REPORT AND RECOMMENDATION TO GRANT ADDITIONAL DEFENDANTS' MOTIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS [29, 37] AND, AS A RESULT, TO DENY PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION [12], TO AMEND THE COMPLAINT [14], AND FOR SANCTIONS [30]**

Plaintiff Horace W. Crump ("Plaintiff"), a Michigan Department of Corrections prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. (Dkt. 1, Compl.) This is the tenth civil rights action Plaintiff has brought in the Eastern and Western Districts of Michigan since 2009. (*Id*. at Pg ID 4-5.) All pretrial proceedings have been referred to this Court. (Dkt. 7.) Presently before the Court are the Motions of Defendants Corizon Health, Inc., and Larry McMillan ("Defendants") to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss the Complaint under 28 U.S.C. § 1915(g) because Plaintiff has filed more than three lawsuits that were previously dismissed as frivolous and/or for failure to state a claim upon which relief could be granted. (Dkts. 29, 37.)

This Court has previously recommended that Plaintiff falls within the "three-strike" restrictions established by 28 U.S.C. § 1915(g) and may not proceed without prepayment of the filing fee for this action. That remains this Court's recommendation. Accordingly, Defendants' Motions should be GRANTED such that Plaintiff's leave to proceed without prepayment of fees and costs be revoked and the Complaint be dismissed if Plaintiff fails to pay the filing fee within

fourteen (14) days of any District Court Order adopting this Report and Recommendation. It follows that the Court FURTHER RECOMMENDS that Plaintiff's pending Motions for Preliminary Injunction (Dkt. 12) and to Amend the Complaint (Dkt. 14) be DENIED WITHOUT PREJUDICE. Lastly, because there is nothing improper about Defendants' Motions, Plaintiff's Motion for Sanctions (Dkt. 30) is DENIED.

## I. BACKGROUND

Plaintiff is currently incarcerated at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan as a result of a 1996 conviction for first-degree murder. (Dkt. 1, Compl.) He has been housed at numerous MDOC facilities and has filed civil rights lawsuits against personnel from many of them. Plaintiff's present Complaint, with attachments, totals 210 pages and names fifteen (15) defendants. (*Id.*) Plaintiff alleges that some of these Defendants have retaliated against him because of his substantial litigation history, religion, and biracial daughter; others denied him access to the courts in a state mandamus action; and still others were deliberately indifferent to his medical needs by denying pain medication for his multiple sclerosis and optic neuritis. (*Id.* at Pg ID 41-42.) He also appears to complain about certain Defendants cancelling his special accommodation order ("SAO") for a single cell. (Dkt. 12, Mot. for TRO.) Plaintiff further contends that additional prison officials have retaliated against him since he filed this lawsuit and so he seeks to amend the complaint to add them as defendants. (Dkt. 14, Mot. to Amend.)

Plaintiff filed an Application to Proceed Without Prepayment of Fees (Dkt. 2) which was granted on September 7, 2012. (Dkt. 8.) Subsequently, many of the then-served Defendants moved to revoke Plaintiff's *in forma pauperis* status claiming that Plaintiff has had at least three (3) prior federal court lawsuits dismissed as frivolous, malicious and/or for failure to state a claim upon which

relief can be granted. (Dkts. 16, 18, 20.) When Plaintiff responded, he did not dispute that the dismissals of two of his cases from the Western District of Michigan count as litigation strikes, but claimed the third dismissal relied on by Defendants should not count as a strike because the case was dismissed on summary judgment. (Dkt. 25, Resp.)

On October 31, 2012, this Court issued a Report and Recommendation to grant the Defendants' motions. (Dkt. 28.) The Court found that the Report and Recommendation adopted by District Judge George Caram Steeh in *Crump v. Winn*, No. 2:11-cv-10409 (E.D. Mich. filed Feb. 1, 2011) was dismissed under the Prison Litigation Reform Act's ("PLRA")"frivolous, malicious, fails to state a claim" standard and, therefore, constituted a litigation strike. (Dkt. 28 at 7.) Thus, the Court found Plaintiff had three litigation strikes. (*Id.*) Plaintiff's objections to this Court's Report and Recommendation (Dkt. 31) are currently pending.

Since the Court's issuance of the October 2012 Report and Recommendation, Defendants Corizon Health, Inc. ("CHI") and Larry McMillan ("McMillan") were served and filed virtually identical motions to revoke Plaintiff's IFP status and to dismiss the complaint. (Dkts. 29, 37.)

**II. ANALYSIS**

Under the PLRA, a prisoner is not entitled to proceed without prepayment of the filing fee if, on three or more prior occasions, the prisoner's case was dismissed as malicious or frivolous, or for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). More specifically,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

3

prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  For all of the reasons set forth in the Court's October 31, 2012 Report and Recommendation to Grant Defendants' Motions to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss the Complaint under § 1915(g) (Dkt. 28), the Court recommends that the similar motions filed by Defendants CHI and McMillan also be granted.  Because these motions have merit, there is no basis for Plaintiff's Motion for Sanctions for having to respond to them.

Moreover, if a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, [a] district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 F. App'x 898, 899 (6th Cir. 2004).  Accordingly, the Court recommends that Plaintiff's pending Motions for Preliminary Injunction/TRO and to Amend the Complaint be dismissed without prejudice.

### III.  CONCLUSION

In sum, this Court previously ruled that Plaintiff has three litigation strikes under 28 U.S.C. § 1915(g): *Crump v. Janz*, No. 1:10-cv-583 (W.D. Mich. July 19, 2010); *Crump v. Patrick, et al.*, No. 1:11-cv-15 (W.D. Mich. Feb. 18, 2011); and *Crump v. Winn*, Case No. 2:11-cv-10409 (E.D. Mich. Mar. 27, 2011).  As a result, the Court recommended that certain Defendants' Motions to Revoke Plaintiff's *In Forma Pauperis* Status be granted and that, if the Report and Recommendation was adopted, Plaintiff be given fourteen (14) days from the date of the District Court's Order to tender the entire filing fee to the Clerk of the Court and if he fails to do so, the Complaint be dismissed.

For the same reasons set forth in that Report and Recommendation, the Court RECOMMENDS that Defendants CHI and Murphy's Motions to Revoke Plaintiff's *In Forma*

*Pauperis* Status be GRANTED.  As a result, the Court further RECOMMENDS that Plaintiff's pending Motion for Preliminary Injunction (Dkt. 12) and Motion to Amend the Complaint (Dkt. 14) be DISMISSED WITHOUT PREJUDICE.  Finally, Plaintiff's Motion for Sanctions (Dkt, 30) is DENIED.

## IV.  FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation and Order within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).

Regarding this Court's Order on Plaintiff's Motion for Sanctions, the attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt

5

of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

                                                s/Laurie J. Michelson  
                                                LAURIE J. MICHELSON  
                                                UNITED STATES MAGISTRATE JUDGE

Dated: June 13, 2013

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 13, 2013.

                                                s/Jane Johnson  
                                                Deputy Clerk