UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP,

    Plaintiff,

Case No. 12-cv-13133

v.

Paul D. Borman
United States District Judge

TIMOTHY MOREY, et al.,

Laurie J. Michelson
United States Magistrate Judge

    Defendants.

_____/

**OPINION AND ORDER**
**(1) ADOPTING THE MAGISTRATE JUDGE'S OCTOBER 31, 2012 REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS AND ORDER TO DENY MOTIONS TO STRIKE (Dkt. No. 28),**
**(2) ADOPTING THE MAGISTRATE JUDGE'S JUNE 13, 2013 REPORT AND RECOMMENDATION TO GRANT ADDITIONAL DEFENDANTS' MOTIONS TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS AND, AS A RESULT, TO DENY PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION, TO AMEND THE COMPLAINT, AND FOR SANCTIONS (Dkt. No. 38),**
**(3) DENYING PLAINTIFF'S OBJECTIONS (Dkt. No. 31 and 39), and**
**(4) ORDERING THAT PLAINTIFF MUST TENDER THE ENTIRE FILING FEE TO THE CLERK OF THE COURT WITHIN 14 DAYS OF ENTRY OF THIS OPINION AND ORDER OR THE COMPLAINT WILL BE DISMISSED**

Before the Court are two Report and Recommendations filed by United States Magistrate Judge Laurie J. Michelson on October 31, 2012 (Dkt. No. 28) and June 13, 2013 (Dkt. No. 38), as well as Plaintiff Horace Crump's Objections to both Report and Recommendations (Dkt Nos. 31 and 39). For the reasons stated below, the Court will:

    (1) ADOPT the Magistrate Judge's October 31, 2012 Report and Recommendation (Dkt. No. 28);

1

(2) DENY Plaintiff's Objections (Dkt. No. 31);

(3) ADOPT the Magistrate Judge's June 13, 2013 Report and Recommendation (Dkt. No. 38);

(4) DENY Plaintiff's Objections (Dkt. No. 39), and

(5) ORDER that Plaintiff must tender the entire filing fee to the Clerk of the Court within 14 days of the date of this Opinion and Order.  If Plaintiff fails to do so, the Complaint will be dismissed.

## I. BACKGROUND

The Court adopts in full the facts as set forth in the Magistrate Judge's October 31, 2012, Report and Recommendation at pages 2-3, and June 13, 2013, Report and Recommendation at pages 2-3.

## II. STANDARD OF REVIEW

After a magistrate judge enters a report and recommendation on a dispositive matter in a case, a party may "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  A party's objections to a Magistrate Judge's report and recommendation are reviewed pursuant to Federal Rule of Civil Procedure 72(b)(3).  This rule provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

The Magistrate Judge recommends granting the Defendants' motions to revoke Plaintiff's

*in forma pauperis* status under the three strikes law in the Prison Litigation Reform Act ("PLRA"). This law prohibits a prisoner from bringing a civil action

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Magistrate Judge noted that Plaintiff had filed two prior cases in the United States District Court for the Western District of Michigan that count as "strikes" under § 1915(g). *See Crump v. Janz*, No. 1:10-cv-583 (W.D. Mich. July 19, 2010) (dismissing case with prejudice "for failure to state a claim and as frivolous, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c)."); *Crump v. Patrick, et al.*, No. 1:11-cv-15 (W.D. Mich. Feb. 18, 2011) (dismissing case with prejudice "for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c).").

The Magistrate Judge reasoned that Plaintiff's third "strike" occurred when a case filed in this District, *Crump v. Winn*, No. 2:11-cv-10409 (E.D. Mich. Mar. 27, 2011), was dismissed by Judge George Caram Steeh. Plaintiff objects to this reasoning. Plaintiff argues that, because the dismissal in *Winn* was based on a report and recommendation entered by United States Magistrate Judge R. Steven Whalen, and because Magistrate Judge Whalen granted Plaintiff's application for *in forma pauperis* status in this case,[1] the dismissal in *Winn* should not be considered a "strike." In

---

[1] Although this case was referred to Magistrate Judge Michelson on August 29, 2012 (Dkt. No. 7), Magistrate Judge Whalen entered an Order Waiving Prepayment of the Filing Fee on September 7, 2012 (Dkt. No. 8.)

3

other words, Plaintiff contends that, if Magistrate Judge Whalen intended for the reasoning he used when recommending dismissal in *Winn* to align with § 1915(g) of the PLRA, then he would never have granted Plaintiff's application for *in forma pauperis* status in this case.

There is no indication in Judge Whalen's September 7, 2012 Order Waiving Prepayment of the Filing Fee that the Magistrate Judge considered the three strikes rule under § 1915(g). Magistrate Judge Whalen's September 7, 2012 Order thus has no implications on Magistrate Judge Michelson's later Report and Recommendation, which plainly addresses § 1915(g) of the PLRA.

Plaintiff also argues that the reasoning in Magistrate Judge Whalen's Report and Recommendation in *Winn* merely cited 42 U.S.C. § 1997e(c)(2), but did not rely on that statute in recommending that the defendants' motions for summary judgment be granted.  However, as noted in Magistrate Judge Michelson's October 31, 2012, report and recommendation in this case, Magistrate Judge Whalen recommended dismissal in *Winn* because Plaintiff Crump's claims did not meet the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), meaning they failed to state a claim upon which relief could be granted.  (Oct. 31, 2012 Report and Recommendation at 5.) Failure to state a claim upon which relief may be granted is one of the dismissal methods provided under § 1997e(c)(2).  This type of dismissal is clearly within the three-strikes provision of the PLRA.  *See* 28 U.S.C. § 1915(g).

Plaintiff argues that the *Winn* case was dismissed on summary judgment, and therefore should not be considered a "strike" under the PLRA.  As noted above, however, Magistrate Judge Whalen recommended dismissal in *Winn* because Plaintiff failed to state a claim upon which relief could be granted.

Plaintiff asserts that Magistrate Judge Michelson erred because Judge Steeh's order adopting

4

Magistrate Judge Whalen's report and recommendation in *Winn* does not state that the case is being dismissed as frivolous, malicious, or for failure to state a claim. But in dismissing Plaintiff's claims in the *Winn* case, Judge Steeh stated that he was adopting Judge Whalen's reasoning in the report and recommendation. Furthermore, in an Order Denying in Part and Granting in Part Plaintiff's Motion for Reconsideration, Judge Steeh stated that "the report and recommendation was reviewed before the court issued an order adopting it and the court finds the report and recommendation thorough and appropriate." (*Winn*, Mar. 25, 2013 Order at 2.) It thus appears that Judge Steeh fully adopted the reasoning of Magistrate Judge Whalen, which found that Plaintiff failed to state a claim upon which relief could be granted in *Winn*.

Plaintiff argues that Magistrate Judge Michelson erred by failing to recognize that, even if he has used his three strikes under the PLRA, his case is not subject to dismissal because he has alleged that he is in imminent danger of serious physical harm. Under the imminent danger exception, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Taylor v. First Medical Management*, 508 F. App'x 488, 492 (6th Cir. 2012). The danger must also be "presently existing," and "[a]llegations of past dangers are insufficient to invoke the exception." *Id*. "Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception." *Id*.

Plaintiff alleges that various allegations in the Complaint show that he is in imminent danger of serious physical harm. Plaintiff claims that Defendant Morey caused him physical injuries and told him, "You'll be lucky to make it out of here alive." (Compl. ¶ 16.) The injuries Plaintiff alleges were caused when Defendant Morey ordered Plaintiff to carry a television down several

5

flights of stairs, despite Plaintiff's medical "No Work" order. (Compl. ¶¶ 18-20.) Plaintiff complains that another prisoner who was also on a medical "No Work" order was not required to do similar work. (Compl. ¶ 22.) These allegations relate to past dangers, and are not sufficient to invoke the imminent danger exception.

Plaintiff also alleges that other Defendants recruited prisoners to intimidate and harass Plaintiff. (Compl. ¶¶ 30, 65-66.) Plaintiff relies on a case from the United States Court of Federal Claims, *Matthews v. United States*, 72 Fed. Cl. 274 (Fed. Cl. 2006). The *Matthews* Court held that a prisoner could proceed *in forma pauperis*, despite having three previous "strikes" under the PLRA, because his allegations "that prison officials have defamed plaintiff with the result that other prisoners have threatened him[,]" qualified the plaintiff for the imminent danger exception. *Id*. at 278. However, the plaintiff in *Matthews* alleged that the other prisoners were not just "harassing" and "intimidating" him, but had "acted violently toward plaintiff and continue[d that] behavior." *Id*. Plaintiff in this case has only alleged claims of verbal intimidation by other prisoners. Plaintiff does not claim that he has been attacked or physically harmed by any inmates. *Matthews* is thus distinguishable. Furthermore, Plaintiff's claims that Defendants encouraged other inmates to intimidate and harass him are not sufficient to trigger the imminent-danger exception.

Plaintiff also alleges that Defendants are denying and interfering with his requests for pain medication and accommodations. (Compl. ¶¶ 153-55.) Specifically, Plaintiff alleges that "[Defendant] Corizon has an unwritten policy and custom of routinely denying prisoners with disabilities, diseases, etc., that are known to cause pain effective pain medication and/or pain treatment." (Compl. ¶ 153.) The Court finds that these allegations are conclusory, and are thus insufficient to trigger the imminent-danger exception.

## IV. CONCLUSION

For the reasons stated above, the Court will:

(1) **ADOPT** the Magistrate Judge's October 31, 2012 Report and Recommendation (Dkt. No. 28);

(2) **DENY** Plaintiff's Objections (Dkt. No. 31);

(3) **ADOPT** the Magistrate Judge's June 13, 2013 Report and Recommendation (Dkt. No. 38); and

(4) **DENY** Plaintiff's Objections (Dkt. No. 39).

Plaintiff's *in forma pauperis* status is thus revoked. Plaintiff has 14 days from the date of this Opinion and Order to tender the entire filing fee to the Clerk of the Court. If he fails to do so, the Complaint will be dismissed.

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 19, 2013.

s/Deborah Tofil
Case Manager