UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP,

        Plaintiff,

                                       Case No. 12-cv-13133

v.

                                       Paul D. Borman
                                       United States District Judge

TIMOTHY MOREY, et al.,

        Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM THE FINAL ORDER (ECF NO. 43)

Now before the Court is Plaintiff Horace Crump, Jr.'s "Motion for Relief from the Final Order" that is brought pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6).  (ECF No. 43).  Defendant Corizon Health, Inc. filed a response.  (ECF No. 44).  Plaintiff, a Michigan Department of Corrections prisoner proceeding *pro se*, filed the underlying law suit in 2012.[1] (ECF No. 1, Compl.).  Plaintiff's complaint set forth numerous claims against fifteen defendants. Plaintiff alleged that some of the defendants had retaliated against him because of his copious litigation history, his religion, his biracial daughter and other defendants had been deliberately indifferent to his medical needs because they had denied him pain medication prescribed for the conditions of multiple sclerosis and optic neuritis.  (*see* Compl., at PG ID 41-42).

    Plaintiff filed an application to proceed without prepayment of fees which was granted

---

[1] It is well settled that a court must liberally construe the pleadings and other filings of a *pro se* litigant.  *See Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

on September 7, 2012.  (ECF No. 8, Order granting IFP Status).  Many defendants moved the Court to revoke Plaintiff's *in forma pauperis* status arguing that he had accumulated "three strikes" under 28 U.S.C. § 1915(g) prior to filing the underlying complaint in this action by filing three federal court lawsuits that were dismissed as frivolous, malicious and/or for failure to state a claim upon which relief can be granted.  (ECF Nos. 16, 18, 20, 29).  On August 19, 2013, the Court adopted the Magistrate Judge's Report and Recommendations and granted the motions to revoke Plaintiff's *in forma pauperis* status over Plaintiff's objections.  (ECF No. 41, Order Adopting Report and Recommendations).

In adopting the Report and Recommendations, the Court held that United States District Court Judge George Caram Steeh's dismissal of Plaintiff's earlier file case, *Crump v. Winn*, No. 11-10409 (E.D. Mich. filed Feb. 1, 2011), constituted a dismissal under the "frivolous, malicious, fails to state a claim" standard and therefore constituted a "strike".  (*See* ECF No. 28, Report and Recommendation, at *5; ECF No. 41, Order Adopting Report and Recommendations, at *3-5).  The Court also found that Plaintiff's allegations in his Complaint did not show that he was in imminent danger of serious physical harm because his allegations "relate[d] to past dangers, and are not sufficient to invoke the imminent danger exception".  (ECF No. 41, at 6).  The Court further concluded that Plaintiff's allegations regarding his requests for pain medication and accommodations were "conclusory" and did not trigger the imminent-danger exception.  (*Id*.).  The Court directed Plaintiff to pay the filing fee within fourteen days of the Opinion and Order or the case would be dismissed.  (*Id*.).  Plaintiff did not pay the filing fee and the complaint was dismissed on September 6, 2013.  (ECF No. 42).  Plaintiff did not appeal the Court's Opinion and Order or Judgment.

Then, approximately seven months after the dismissal of Plaintiff's complaint, Plaintiff filed the present motion for relief on April 11, 2014. (ECF No. 43). Plaintiff contends that he is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6) because he disagrees with the Court's conclusion that the imminent danger exception did not apply and argues that the Court's decision is in conflict with *Vandiver v. Prison Health Serv., Inc*., 727 F.3d 580 (6th Cir. 2013), a Sixth Circuit decision published shortly before the Court's August 2013 opinion and order. Plaintiff also argues that the Court should not have revoked his *in forma pauperis* status because his previous case, *Crump v. Winn*, No. 11-10409, was dismissed pursuant to summary judgment and not under the standard set forth in 28 U.S.C. § 1915.

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment or order for certain enumerated reasons including: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... ; (3) fraud ... , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable". FED. R. CIV. P. 60(b). Rule 60(b)(6) also allows a court to grant relief from judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).

"A judgment is void under 60(b)(4) only 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Doe v. Lexington-Fayette Urban County Government*, 407 F.3d 755, 761 (6th Cir. 2005) (citation omitted). Plaintiff has failed to make any argument supporting his contention that this Court lacked jurisdiction or violated due process in issuing its final opinion and order. Rather,

3

Plaintiff's motion merely rehashes the same general arguments that he marshaled before the Court in response to the defendants' motions to revoke his *in forma pauperis* status and asserts the Court's conclusion was in error. Therefore, Plaintiff's request for relief pursuant to Rule 60(b)(4) is denied.

Plaintiff also invokes the "catch-all" provision of Rule 60(b) in his request for relief and argues that the Court's final order conflicts with a Sixth Circuit decision regarding the imminent danger exception that was published prior to this Court's opinion. Plaintiff also argues (again) that the Court erred in finding that a previous dismissal was a "strike" under 28 U.S.C. § 1915(g). Both the Sixth Circuit and the Supreme Court have held that for a court to grant relief pursuant to Rule 60(b)(6) there must be a showing of exceptional or extraordinary circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. United Mine Workers of Am., Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986)). Additionally, to qualify for relief pursuant to Rule 60(b)(6), a party must set forth "'something more' than one of the grounds contained in subsections (1) through (5)". *East Brooks Books*, 633 F.3d at 465 (citing *Hopper*, 867 F.2d 291, 294 (6th Cir. 1989)); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 & n. 11 (2007) (finding that federal courts have the authority to relieve a party from a final judgment pursuant to Rule 60(b)(6) "upon such terms that are just", so long as the "the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)". ).

In the present case, Plaintiff has failed to set forth an exceptional or extraordinary

4

circumstance which is not addressed by the first five clauses of Rule 60(b).  Rather, Plaintiff's argument – specifically, that the Court applied the wrong standard and/or came to the wrong conclusion, is an argument of simple "legal error" which is governed by Rule 60(b)(1).  *Pierce*, 770 F.2d at 451 (citing *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983)); *see also U.S. v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002) ("A claim of legal error in the underlying judgment falls within the definition of mistake under Rule 60(b)(1)." (citation omitted)).  However, "[i]t is settled that a 60(b) motion 'cannot be used to avoid the consequences of a party's decision ... to forego an appeal from an adverse ruling.'" *Pierce*, 770 F.2d at 451-52 (quoting *Steinhoff v. Harris*, 698 F.2d 270, 275 (6th Cir. 1983)).  Accordingly, the Sixth Circuit has held that "[a] 60(b)(1) motion based on legal error must be brought within the normal time for taking an appeal." *Pierce*, 770 F.3d at 451; *accord Daniel v. DTE Energy Co.*, --- Fed. App'x ---- , 2015 WL 508529 (6th Cir. Feb. 9, 2015) ("While Rule 60(b)(1) encompasses judicial mistakes of law, such a motion must be made 'within the normal time for taking an appeal.'" (citing *Barrier*, 712 F.2d at 234)).  The Sixth Circuit explained its reasoning stating:"[t]he interests of finality of judgments and judicial economy outweigh the value of giving a party a second bite of the apple by allowing a 60(b) motion, after the appeal period has run, on the same legal theory that would have been asserted on appeal." *Pierce*, 770 F.2d at 452.

In the present case, Plaintiff failed to appeal the Court's final order and the time to do so has long since past.  *See* FED. R. APP. P. 4(a) (generally allowing thirty days for an appeal from civil judgment).  Therefore, Plaintiff's request for relief is time barred under Rule 60(b)(1) and alternatively relief is unavailable under Rule 60(b)(6) because relief from a legal error falls within the scope of subsection (1).  Additionally, Plaintiff has failed to set forth circumstances

that amount to "something more" that "include unusual and extreme situations where principles of equity *mandate* relief."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citation omitted) (emphasis in original).

      For all these reasons, the Court DENIES Plaintiff's request for relief pursuant to Rule 60(b).

      IT IS SO ORDERED.


                        s/Paul D. Borman
                        PAUL D. BORMAN
                        UNITED STATES DISTRICT JUDGE

Dated:  February 17, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 17, 2015.


                        s/Deborah Tofil
                        Case Manager